THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVEN WAYNE LARSON,

    Plaintiff,

  v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

CASE No. 2:11-cv-00938-RAJ

ORDER

    This matter comes before the court on Plaintiff's motion for attorney's fees, expenses, and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. # 14.  Defendant Michael J. Astrue, the Commissioner of Social Security ("the Commissioner") opposes the motion by arguing that his position was substantially justified. Dkt. # 21.

    On September 24, 2012, this court adopted the Report and Recommendation ("R&R") of the Honorable Mary Alice Theiler, United States Magistrate Judge, and remanded the case for further administrative proceedings. Dkt. # 17.  In the R&R, Magistrate Judge Theiler found that the ALJ (1) erred with regard to both meeting and equaling the listings of Mr. Larson's impairments by "focus[ing] exclusively on plaintiff's mental health impairments" without regard to Plaintiff's physical symptoms;

ORDER - 1

(2) properly considered inconsistencies and contradictions in Mr. Larson's statements and his daily activities, but erred in assessing Plaintiff's credibility by failing "to discuss plaintiff's seizure-like episodes and fits during the relevant time period"; (3) erred in failing to provide sufficient reasons for rejecting the testimony and statements of multiple lay witnesses; and (4) erred in assessing Mr. Larson's residual functional capacity ("RFC")[1] and in posing incomplete hypothetical questions to the vocational expert. *Id*. at 5-22.

The EAJA provides, in relevant part:

> [A] court shall award to *a prevailing party* other than the United States fees and other expenses … incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, *unless the court finds that the position of the United States was substantially justified* or that special circumstances make an award unjust.[2]

28 U.S.C. § 2412(d)(1)(A) (emphases added).  The Commissioner's position is substantially justified if it has a reasonable basis in law and fact. *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir.1998).  The position does not need to be justified to a high degree, but rather "to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).  Where, as here, the ALJ's decision was reversed on the basis of procedural errors, the question is not whether the Commissioner's position regarding Mr. Larson's disability claim was substantially justified, but rather whether the Commissioner's decision to defend on appeal the ALJ's procedural errors was substantially justified. *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008).  The burden is on the Commissioner to demonstrate that his position was substantially justified. *Gonzales v. Free Speech Coal.*, 408 F.3d 613, 618 (9th Cir. 2005).

---

[1] An individual's RFC is the most the individual can do despite his or her limitations. 20 C.F.R §§ 404.1545(a)(1) and 416.945(a)(1).

[2] The Commissioner does not contend that there are special circumstances making an award unjust or dispute that Mr. Larson is a prevailing party. *See Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993).

The Commissioner asserts that the government was substantially justified in defending the appeal because "Plaintiff failed to explain or point to evidence to support a plausible theory that his impairments equaled the [applicable] criteria of [the listings]." Dkt. # 21 at 3. However, Magistrate Judge Theiler ruled that Mr. Larson offered to the ALJ "a plausible theory in pointing to relevant listings and evidence supporting the existence of his symptoms." Dkt. # 14 at 10. Under the well-established law and applicable regulations, the ALJ was required to consider this evidence and the combined effect of Mr. Larson's mental and physical impairments, once presented by Plaintiff in an effort to establish medical equivalence. *See Lester v. Chater*, 81 F.3d 821, 829 (9th Cir. 1996) ("In evaluating a claimant with more than one impairment, the Commissioner must consider 'whether the combination of [the claimant's] impairments is medically equal to any listed impairment'" (quoting 20 C.F.R. § 404.1526(a))); *Beecher v. Heckler*, 756 F.2d 693, 694-95 (9th Cir. 1985) ("A claimant's illnesses must be considered in combination and must not be fragmentized in evaluating their effects."); *see also Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005) (explaining that an ALJ is required to consider the combined effect of a claimant's impairments and compare them to a listing in an equivalency determination once the claimant presents evidence in an effort to establish equivalence). Thus, in light of the ALJ's failure to follow applicable law and regulations, the court cannot say that the Commissioner was substantially justified in defending the particular errors committed by the ALJ. *See Yang v. Shalala*, 22 F.3d 213, 217-18 (9th Cir. 1994) (holding that the Secretary failed to prove that her position was substantially justified where her position was based on violations of several Social Security Administration regulations).

Likewise, the Commissioner was not substantially justified in defending other procedural errors committed by the ALJ. As detailed above, the ALJ failed to render

ORDER - 3

sufficiently specific findings for discrediting Mr. Larson's testimony,[3] failed to provide sufficient reasons for rejecting a treating physician's opinion as well as testimony of multiple lay witnesses in favor of a non-treating psychiatrist's opinion, failed to mention an additional lay witness statement in the record, erred in assessing Mr. Larson's RFC, and erred in posing incomplete hypothetical questions to the vocational expert. *See Shafer*, 518 F.3d at 1072 (holding that failing to provide clear and convincing reasons for discrediting claimant's statements, rejecting a treating physician's opinion in favor of a non-treating physician's opinion without providing clear and convincing reasons, and erring in assessing the claimant's RFC are "fundamental" errors); *see also Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (holding that the Secretary's position was not substantially justified where the ALJ failed to pose a complete hypothetical that included all of the claimant's functional limitations, both physical and mental). Because the Commissioner's defense of fundamental errors are "difficult to justify," *Corbin*, 149 F.3d at 1053, the court concludes that Mr. Larson is entitled to an award of attorney's fees under the EAJA.

Plaintiff seeks attorney's fees in the amount of $7,504.93 for 41.4 hours for services provided in 2011 and 2012, costs in the amount of $367.30 for filing fees and photocopies, and expenses in the amount of $26.75 for postage. Dkt. # 20 at 2-8 (Namba Decl.). Plaintiff asks the court to depart from the statutory $125.00 per hour cap on attorney fees, as mandated by 28 U.S.C. § 2412(d)(2)(A), to reflect an increase in the cost of living. Dkt. # 19 at 4-6. For this purpose, Plaintiff proposes using the U.S. Department of Labor's Consumer Price Index for Urban Consumers (CPI-U), which reflects the cost

---

[3] Although, as the Commissioner argues, there was substantial evidence in the record to support the ALJ's credibility decision (Dkt. # 21 at 5), Magistrate Judge Theiler's findings do not mandate that the Commissioner's position, as a whole, was substantially justified. The Commissioner's position must be evaluated as an inclusive whole, rather than line-by-line. *Commissioner, INS v. Jean*, 496 U.S. 154, 161-62 (1990). Here, the ALJ's credibility determination may have been supported by the record, but the record was incomplete due to the ALJ's failure to follow the law and regulations.

of living increase for all urban consumers. *Id*. The Commissioner does not dispute that the amount of fees or the hourly rate are reasonable.

 Here, the court finds that 41.4 hours was a reasonable amount of time to spend on this matter, given that it involved an administrative hearing, two administrative appeals, and an appeal to the District Court. *See Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001) ("[T]he amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."). The court also finds the cost-of-living adjustment reasonable.[4] In addition, the court finds that the requested EAJA costs and expenses in the amount of $394.06 are reasonable. *See International Woodworkers of America, AFL-CIO, Local 3-98 v. Donovan*, 792 F.2d 762, 767 (9th Cir. 1986).

 For all the foregoing reasons, Plaintiff's motion for EAJA fees, costs, and expenses is GRANTED. Plaintiff is awarded attorney's fees in the amount of $7,504.93, costs in the amount of $367.30 for filing fees and photocopies, and expenses in the amount of $ 26.76 for postage.

 Dated this 22nd day of April, 2013.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

---

[4] The cost-of-living adjustment may be determined by multiplying the EAJA hourly rate by CPI-U that is current in the year when the fee is earned, and then dividing the product by the CPI-U in the month that the cap was imposed. *Sorenson*, 239 F.3d at 1148. In the present case, Plaintiff's attorney did so using the average adjusted rate of inflation for each year the fees were earned, accounting for the cost-of-living increase from March 1996. *See* Dkt. # 20-2 at 1; Dkt. # 20 at 6.